### FRANK BREWER v. VIRGINIA IRELAND.

Submitted July 5, 1901—Decided November 11, 1901.

The purchaser of a tax title in possession of lands under his certificate of sale is not authorized, by the common law or by statute, to cut timber trees during his term.

---

On demurrer to declaration.

The count of the declaration to which the defendant has demurred is as follows:

"And also for that whereas, said defendant, before and at the same time of committing the grievances hereinafter next mentioned, held and enjoyed, under and by virtue of a certain certificate of tax sale, made, executed, acknowledged and delivered to her by Benjamin F. Williams, collector of taxes for the township of Gloucester, in said county of Camden, and duly recorded, all in accordance with the provisions of an act entitled 'A further act concerning taxes, making the same a first lien on real estate, and to authorize sales for the pay-

ment of the same,' approved March 14, 1879, for the term of thirty years from the date of said certificate, to wit, from the twenty-second day of October, eighteen hundred and ninety-eight, divers, to wit, two hundred and seventy-four acres of other timber land, with the appurtenances, situate, lying and being in the township of Gloucester aforesaid, adjoining Sarah Jaggard and others, in Cheesman district, which said timber lands said plaintiff, before and at the time of committing of said grievances, and continually from thence, hath been and still is seized of his *demesne* as of fee; that said term has expired in accordance with the provisions of said act by said plaintiff paying to said defendant the amount of her purchase-money set out in detail in said certificate, with twelve per centum interest thereon, together with such other fees, costs, expenses and charges as had been incurred by her in pursuance of said act, to wit, in the county of Camden aforesaid. Yet said defendant, contriving and wrongfully and unjustly intending to injure, prejudice and aggrieve said plaintiff in his reversionary estate and interest of and in said land, with the appurtenances, whilst the same was so in the possession of said defendant, for said term, to wit, on the twenty-ninth day of October, eighteen hundred and ninety-eight, and on divers other days and times between that day and the fourth day of May then next, in the county of Camden aforesaid, wrongfully and unjustly felled, cut, prostrated and destroyed, and caused and procured to be felled, cut, prostrated and destroyed, divers timber trees, to wit, six hundred chestnut trees and one hundred other trees, at those times respectively standing, being and growing in and upon said land, said timber trees being of great value, to wit, of the value of three thousand dollars, and took and carried away the same respectively and converted and disposed thereof to her own use, whereby said plaintiff hath been and still is greatly injured, prejudiced and aggrieved in his reversionary estate and interest of and in said lands, with the appurtenances, to wit, in the county of Camden aforesaid."

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Joseph J. Summerill.*

For the defendant, *Charles S. King.*

The opinion of the court was delivered by

GARRISON, J. By force of the demurrer the defendant, while a tenant for years, committed waste. At common law the plaintiff's action would lie. The only question is whether the statute under which the defendant holds his estate, to wit, the Tax act, authorizes him to cut timber trees during his term. The pertinent provisions of that act are that the purchaser of a recorded tax title is entitled to possession of the lands described in his certificate of sale and to all the rents, issues and profits arising therefrom during his term; that, if redeemed by the owner, the purchaser shall recover and restore to him such real estate; if not redeemed, the purchaser, at the expiration of his term, shall yield up the same to the owner in as good state and condition as when he took possession of it, damages resulting from ordinary use and the elements excepted. *Gen. Stat., p.* 3354, § 337 *et seq.*

It is clear that, at the expiration of his term, the tenant could, under this statute, set up against a reversioner, who had not redeemed, the ravages of time, use and the elements only; if he have any greater right against a reversioner who has redeemed, it. should clearly appear. There is nothing in the statute to give color to so meaningless a distinction. "Rents, issues and profits" are well-defined words that exclude waste, especially when used in a context in which possession is contrasted with ownership.

Upon a traverse of the *narr* the defendant may offer to show that what he did was not what the plaintiff has charged him with doing. That is matter of defence. The declaration states facts that, *prima facie,* constitute waste; by demurring the defendant admits these facts in their legal significance.

The plaintiff is entitled to a judgment overruling the demurrer.